[No. 11005.    Department One.    March 18, 1913.]

· The State of Washington, *on the Relation of F. W. Luedinghaus et al., Plaintiff*, v. The Superior Court for Lewis County *et al., Respondents.*[1]

Eminent Domain — Public Use — Necessity.   Where a railroad company requires a right of way sixty feet wide in a canyon or gulch, in order to make necessary fills, cuts, and turnouts, an adjudication of public use is sustained, although the landowners, who were owners of a sawmill, needed part of the way for a logging road over which to haul forest products of their own and others.

Certiorari to review a judgment of the superior court for Lewis county, Rice, J., entered December 26, 1912, adjudging a public use in condemnation proceedings.    Affirmed.

*J. A. Shackleford* and *F. D. Oakley*, for relators.

*Dysart & Ellsbury* and *Forney & Ponder*, for respondents.

Crow, C. J.—The Meskill & Columbia River Railway Company, a public service corporation, commenced an eminent domain proceeding in the superior court of Lewis county against G. F. Luedinghaus, Mary Luedinghaus, his wife, and F. W. Luedinghaus, to condemn a right of way for a logging road.   On the preliminary hearing, an order was entered adjudging a public use and finding that a right of way sixty feet in width through defendants' land was required therefor.    Thereupon the landowners, as relators, applied to this court for a writ of certiorari, and the order is now before us for review.

Relators are the owners of the southeast quarter of section 8, township 13, range 4, west of the Willamette Meridian, across which condemnation of the right of way is sought. They also own a sawmill at Dryad, Washington, to which they assert they intend to remove timber from their land and from the lands of others, by constructing a railroad to haul the

[1] Reported in 130 Pac. 752.

same, charging reasonable rates.   The sixty-foot strip of land which the trial court found necessary for respondent's use is located, to a considerable extent, in and along a gulch or canyon, and relators contend that, if the respondent is permitted to condemn to the full width of sixty feet, space will not remain in the gulch or canyon for their contemplated road; that they cannot construct their road to advantage along any other line; that, if respondent be confined to one side of the gulch and if the width of the strip to be taken be decreased, space will remain for the construction of their separate road.   Relators' controlling contention is that the condemning company cannot and should not be permitted to appropriate more land than it actually needs for the purpose of constructing its road.   This presents the question of fact, What amount of land is necessary for the right of way and the construction and maintenance of respondent's road?   Relators, as private individuals, cannot exercise the power of eminent domain to acquire land for their proposed logging road, while respondent as a public service corporation is empowered to acquire by eminent domain proceedings such land as may be necessary for its right of way.   The only issue presented is whether, in seeking an appropriation of a strip of land sixty feet in width, respondent is asking more than the public use requires.   We have carefully examined the record and conclude that the findings of the trial court must be sustained.   The evidence shows that a right of way sixty feet in width will be required for respondent's use in order that it may make necessary fills and cuts, construct switches, and side tracks, and protect its property and roadbed from fire and falling timber.

The judgment is affirmed.

PARKER, GOSE, and MOUNT, JJ., concur.